(September 2, 1915.)

## NORTHERN PACIFIC RAILWAY COMPANY, Appellant, v. WILFRED L. GIFFORD, Respondent.

[151 Pac. 909.]

CORPORATION TAX—CONSTITUTIONAL LAW.

 1. The decision of this court in case of *Northern Pacific Railway Company v. Gifford*, 25 Ida. 196, adhered to.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

ACTION by plaintiff to recover from Wilfred L. Gifford, Secretary of State, a license tax paid under protest. Judgment for defendant. Plaintiff appealed. *Affirmed.*

James E. Babb, for Appellant.

In the concurring opinion of the chief justice in *Pullman Co. v. Kansas*, 216 U. S. 56, 68, 69, 30 Sup. Ct. 232, 54 L. ed. 378, it was said: " . . . . The imposition on a corporation which has the right to do interstate commerce business within the state of an unconstitutional burden for the privilege of doing local business is, in my opinion, the exact equivalent of placing a burden on its interstate commerce business."

The case of *Ohio River & W. R. Co. v. Dittey*, 232 U. S. 576, 34 Sup. Ct. 372, 58 L. ed. 737, is entirely distinguishable from the Idaho statute, chapter 6, Laws Special Session 1912, where the yardstick for measuring the tax is the capital stock, which furnishes no means of separation between the intrastate and interstate business, nor is it material that the tax is limited to a percentage on graduated amounts of stock up to a designated maximum. This kind of limitation does not square with the distinction between interstate and intrastate business. It simply shows a purpose to keep the excise reasonable in amount, but does not show a purpose to limit the same to receipts from intrastate as distinguished from

interstate commerce. The Dittey case does not interfere with the distinction made in *Pullman Co. v. Adams,* 189 U. S. 420, 23 Sup. Ct. 494, 47 L. ed. 877, to the effect that if the receipts from intrastate business do not equal the expenses of such business, the tax would have to be paid out of receipts from interstate business and therefore be a burden upon interstate commerce.

As a matter of federal limitation of state authority by the commerce clause of the constitution, it becomes material to know whether the tax imposed by state authority was paid by receipts from interstate commerce. (*Albert Pick & Co. v. Jordan,* 169 Cal. 1, 145 Pac. 506.)

The court erred as to the second cause of action in that the Clearwater company was not doing business in the state, as "doing business" is used in sec. 2, art. 7, Idaho Constitution, and in chap. 6, Laws 1912. (*McCoach v. Minehill etc. R. Co.,* 228 U. S. 295, 33 Sup. Ct. 419, 57 L. ed. 842; *United States v. Nipissing Mines Co.,* 206 Fed. 432, 124 C. C. A. 313; *Abrast Realty Co. v. Maxwell,* 206 Fed. 333.)

J. H. Peterson, Attorney General, T. C. Coffin, E. G. Davis and Herbert Wing, Assts., for Respondent.

The state may impose such conditions as it deems proper upon permitting a foreign corporation to do business within its borders. (*Horn Silver Min. Co. v. New York,* 143 U. S. 305, 12 Sup. Ct. 403, 36 L. ed. 164.)

It is not every burden affecting interstate commerce which is unconstitutional. (*Galveston, H. & S. A. Ry. Co. v. Texas,* 210 U. S. 217, 28 Sup. Ct. 638, 52 L. ed. 1031.)

The controlling question in determining the validity of state statutes imposing taxes upon foreign corporations doing business within the state is whether the exactions are an excise or a property tax. (*Society for Savings v. Coite,* 73 U. S. (6 Wall.) 594, 18 L. ed. 897; *Hamilton Mfg. Co. v. Massachusetts,* 73 U. S. (6 Wall.) 632, 18 L. ed. 904; *Provident Institution v. Massachusetts,* 73 U. S. (6 Wall.) 611, 18 L. ed. 907; *Home Ins. Co. v. New York,* 134 U. S. 594, 10 Sup. Ct. 593, 33 L. ed. 1025; *State of Maine v. Grand Trunk Ry.*

*Co.,* 142 U. S. 217, 12 Sup. Ct. 163, 35 L. ed. 994; *White Dental Mfg. Co. v. Commonwealth,* 212 Mass. 35, Ann. Cas. 1913C, 805, 98 N. E. 1056.)

"Franchise," as used in the term "franchise tax," has a different meaning, and refers to a different element than when used to describe property under the revenue *ad valorem* laws. (*Louisville & N. R. Co. v. Hopkins,* 121 Ky. 850, 90 S. W. 594; *Home Ins. Co. v. New York, supra; Paul v. Virginia,* 75 U. S. (8 Wall.) 168, 19 L. ed. 357.)

The legislature has authority to impose license taxes. (Const., sec. 2, art. 7; *State v. Doherty,* 3 Ida. 384, 29 Pac. 855; *State v. Union Central Life Ins. Co.,* 8 Ida. 240, 67 Pac. 647; *In re Gale,* 14 Ida. 761, 95 Pac. 679.)

It is essential to a decision in this case that the principles of the following two cases be reconciled: *State of Maine v. Grand Trunk Ry. Co.,* 142 U. S. 217, 12 Sup. Ct. 163, 35 L. ed. 994; *Western Union Tel. Co. v. Kansas,* 216 U. S. 1, 30 Sup. Ct. 190, 54 L. ed. 355.

As to foreign corporations seeking to do business within the state, the state is the master, and may prohibit or tax such business at will. (*Bank of Augusta v. Earle,* 13 Pet. 519, 539, 10 L. ed. 274, 284; *Security Mutual Life Ins. Co. v. Prewitt,* 202 U. S. 246, 6 Ann. Cas. 317, 26 Sup. Ct. 619; 54 L. ed. 378.)

A property tax must be proportional and reasonable. An excise tax need not be proportional, but must be reasonable. (*White Dental Co. v. Commonwealth, supra; Western Union Tel. Co. v. Kansas,* 216 U. S. 1, 30 Sup. Ct. 190, 54 L. ed. 355; *Pullman Co. v. Kansas,* 216 U. S. 56, 30 Sup. Ct. 232, 54 L. ed. 378.)

MORGAN, J.—This action was commenced by the above-named appellant for the purpose of recovering from the respondent the sum of $480, together with interest thereon, which appellant and the Clearwater Short Line Railway Company and the Northern Express Company had paid under protest to respondent, while he was Secretary of State, as corporation license fees exacted of said companies pursuant

to the provisions of chapter 6 of the session laws of the extraordinary session of the legislature of 1912, which enactment, it is contended by appellant, violates certain provisions of the constitution of the United States. The Clearwater Short Line Railway Company and the Northern Express Company assigned their claims to appellant prior to the commencement of the action. The respondent demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, the demurrer was overruled, the respondent refused to further plead, and a judgment was entered granting the relief prayed for by appellant, from which the respondent appealed. On November 22, 1913, this court reversed the judgment and order overruling the demurrer and directed the district judge to sustain the same. (*Northern Pacific Ry. Co. v. Gifford*, 25 Ida. 196, 136 Pac. 1131.) Thereupon, the judge of the district court made and entered an order sustaining the demurrer and, appellant electing to stand upon its complaint, it was further adjudged and decreed that the action be and it was dismissed. In order that final action may be had upon the case by the state courts, this appeal has been prosecuted from the judgment last mentioned.

The facts of this case and the law applicable thereto are very fully stated and discussed in the former decision and will not be repeated here. Counsel for appellant has directed our attention to the case of *Ohio River & W. R. Co. v. Dittey*, 232 U. S. 576, 34 Sup. Ct. 372, 58 L. ed. 737, decided by the supreme court of the United States on February 24, 1914. We have carefully examined the opinion of the court in that case and find nothing therein which prompts us to alter the views expressed in our former decision.

The judgment of the district court sustaining the demurrer and dismissing the action is accordingly affirmed. Costs are awarded to the respondent.

Sullivan, C. J., and Budge, J., concur.